608 So.2d 702 (1992)
James H. WILBURN, Jr.
v.
STATE of Mississippi.
No. 90-KA-0570.
Supreme Court of Mississippi.
October 29, 1992.
*703 Vaughn Davis, Davis & Rogers, Jackson, for appellant.
Michael C. Moore, Atty. Gen., Jackson, Jack B. Lacy, Jr., Asst. Dist. Atty., Brandon, for appellee.
Before ROY NOBLE LEE, C.J., and PRATHER and BANKS, JJ.
PRATHER, Justice, for the Court:

I. INTRODUCTION
What is the effect, in a prosecution for forcible rape of a female adult, of failing to administer to the jury the special oath in capital cases required by Miss. Code Ann. § 13-5-73 (1972), where, as here:

(1) the jury, prior to the taking of testimony, received the oath of petit jurors prescribed by Miss. Code Ann. § 13-5-71 (1972);

(2) the defendant refused any attempt by the trial judge to cure the omission, if any, including an offer by the State to take the case out from under the capital sentencing provisions of Miss. Code Ann. § 97-3-65 which permit the jury to fix the defendant's punishment at life imprisonment;

(3) the defendant was not taxed by the jury with the maximum sentence of life imprisonment but was sentenced by the trial court to serve a term of thirty (30) years in the custody of the Mississippi Department of Corrections; and

(4) a special venire was neither requested nor impaneled in the trial of the case; rather, the jury was selected and accepted from the regular panel for the week.
By virtue of the singular facts found in this case, this Court holds that any failure to administer the special oath was not error.

II. FACTS
During the early morning hours of July 9, 1989, James Wilburn and Betty[1] had sexual intercourse near the reservoir in Rankin County. Wilburn claimed at his trial for forcible rape the intercourse was consensual; Betty claimed it was not. The jury found Wilburn guilty, and he was sentenced to imprisonment for thirty (30) years by the trial court after the jury failed to fix Wilburn's penalty at life imprisonment.
On Monday, April 9, 1990, the case against Wilburn was called for trial. April *704 9th was the first day of a regular week of criminal trials in Rankin County for which a venire was freshly impaneled. Prospective jurors were sworn to answer questions as to their qualifications on the voir dire examination and were later administered the oath prescribed by Miss. Code Ann. § 13-5-71 (1972). Substantial voir dire followed, at the conclusion of which a jury composed of twelve (12) members and two (2) alternates was duly selected and impaneled to hear Wilburn's case.
Following opening statements, the State called Betty as its first witness. Her direct testimony was heard throughout the course of the afternoon on the 9th. Cross-examination of this witness had progressed for some time when the trial judge declared a late afternoon recess.
After the jury was dismissed for the evening, the trial judge summoned counsel for both the State and the defendant and pointed out that while he was positive the oath prescribed by Miss. Code Ann. § 13-5-71 to "well and truly try all issues ... and true verdicts give according to the evidence" had been administered, the court was not confident it had given the special oath required in capital cases prescribed by Miss. Code Ann. § 13-5-73.
Neither the State nor the defendant raised this matter, and neither party had objected to the possible omission of the so-called "capital" oath prior to the court's revelation, sua sponte, of its concern following the evening recess.
The following morning, April 10th, counsel for the state and the defendant were given an opportunity to argue the matter outside the hearing and presence of the jury. At the close of this argument, the trial court declined to grant the defendant's motion for a mistrial.
Wilburn claims the trial judge committed reversible error when he failed to grant his motion for a mistrial upon the suggestion the capital oath required by § 13-5-73 may not have been administered. Wilburn also complains that cumulative evidentiary errors denied him a fundamentally fair trial.

III. ANALYSIS

A. Administration of the Special Oath in Capital Cases
The trial judge was certain the prospective jurors, on the morning of trial but prior to the selection of the twelve (12) jurors impaneled to try Wilburn's particular case, were given the oath required by Miss. Code Ann. § 13-5-71 (1972). That statute reads, in its entirety, as follows:
§ 13-5-71. Oath of petit jurors.
Petit jurors shall be sworn in the following form:
"You, and each of you, do solemnly swear (or affirm) that you will well and truly try all issues and execute all writs of inquiry that may be submitted to you, or left to your decision by the court, during the present term, and true verdicts give according to the evidence. So help you God."
The oath shall authorize the jury to try all issues and execute all writs of inquiry which may be submitted to it during that term of the court. Talesmen, if any be summoned or retained, shall in like manner be sworn to try all issues and execute all writs of inquiry which may be submitted to them during the day for which they are summoned or the time for which they are retained. [emphasis supplied]
The trial judge, on the other hand, was "uncertain" as to whether or not the jury selected to try Wilburn's case had been administered the special oath required in capital cases by Miss. Code Ann. § 13-5-73 (1972) which provides, in its entirety, that:
§ 13-5-73. Oath of jurors and bailiffs in capital cases.
The jurors in a capital case shall be sworn to "well and truly try the issue between the state and the prisoner, and a true verdict give according to the evidence and the law." Bailiffs may be specially sworn by the court, or under its direction, to attend on such jury and perform such duties as the court may prescribe for them. [emphasis supplied]
In short, it is certain the jurors who tried Wilburn's case had been sworn to "well *705 and truly try all issues ... and [a] true verdict give according to the evidence." It is uncertain they had been sworn to "well and truly try the issue between the state and the prisoner, and a true verdict give according to the evidence and the law."
The Court holds the failure, if any, to give the special oath was not error because the two oaths are substantially equivalent, if not substantially the same, since "all issues" inherently includes "the issue [joined] between the state and the prisoner." To suggest otherwise is to exalt form over substance. Cf. Simmons v. State, 241 Miss. 481, 130 So.2d 860, 864 (1961).
The purpose of the judicial oath is to impart to the oath-taker the idea he is bound in conscience to perform an act faithfully and truthfully and to awaken and stimulate his conscience and impress his mind with his duty and responsibility to do so. Cf. Rule 603, Miss.R.Evid. (1986) which deals with the oath or affirmation of witnesses. This Court finds no reversible error for the possible omission of the administration of two separate oaths under the facts of this case.
By virtue of Rule 5.15, Miss.Unif.Crim. R.Cir.Ct.Prac. (1979), a defendant is entitled to a mistrial upon his own motion "if there occurs during the trial an error or legal defect in the proceeding ... resulting in substantial and irreparable prejudice to the defendant's case." [emphasis supplied] This Court does not find that to be the case here.

B. Cumulative Errors
Wilburn claims that cumulative individual errors operated to deprive him of a fundamentally fair trial. This Court has held that individual errors, not reversible in themselves, may combine with other errors to make up reversible error. Hansen v. State, 592 So.2d 114, 142 (Miss. 1991); Griffin v. State, 557 So.2d 542, 553 (Miss. 1990). The question under these and other cases is whether the cumulative effect of all errors committed during the trial deprived the defendant of a fundamentally fair and impartial trial. Where there is "no reversible error in any part,... there is no reversible error to the whole." McFee v. State, 511 So.2d 130, 136 (Miss. 1987).
This Court has examined each one of Wilburn's complaints and holds the cumulative effect of all alleged errors, if any, was not such as to deny the defendant a fundamentally fair trial. See Rule 103(a), Miss. R.Evid.; Williams v. State, 595 So.2d 1299, 1310 (Miss. 1992). Indeed, some of the alleged errors were not errors at all while other irregularities individually assigned involved minor infractions which were rendered innocuous by the sustaining of the defendant's objections and by timely admonitions issued from the bench. This is not one of those rare cases requiring reversal on the ground the cumulative effect of all errors deprived the defendant of a fair trial.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and SULLIVAN, PITTMAN, BANKS, McRAE and ROBERTS, JJ., concur.
DAN M. LEE, P.J., dissents without written opinion.
NOTES
[1] A fictitious name is used to provide anonymity for the victim.