# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 94-KP-00656-SCT

*LARRY JACKSON a/k/a LARRY D. JACKSON*

*v.*

*STATE OF MISSISSIPPI*


## THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

## MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A
## MEMORANDUM/PER CURIAM AFFIRMANCE

| | |
|---|---|
| DATE OF JUDGMENT: | 03/18/94 |
| TRIAL JUDGE: | HON. JOSEPH H. LOPER JR. |
| COURT FROM WHICH APPEALED: | GRENADA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: WAYNE SNUGGS |
| DISTRICT ATTORNEY | EVANS, DOUG, |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 7/17/97 |
| MOTION FOR REHEARING FILED: | 8/18/97 |
| MANDATE ISSUED: | 10/9/97 |


**CONSOLIDATED WITH**

**95-KP-00521-SCT**

*LARRY JACKSON*

*v.*

*STATE OF MISSISSIPPI*

DATE OF JUDGMENT:                    05/23/95

TRIAL JUDGE:                         HON.CLARENCE E. MORGAN, JR.

COURT FROM WHICH APPEALED:           GRENADA COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT:              PRO SE

ATTORNEY FOR APPELLEE:               OFFICE OF THE ATTORNEY GENERAL

                                     BY: WAYNE SNUGGS

DISTRICT ATTORNEY                    DOUG EVANS

NATURE OF THE CASE:                  CRIMINAL -POST-CONVICTION RELIEF

DISPOSITION:                         AFFIRMED - 7/17/97

**BEFORE PRATHER, P.J., BANKS AND SMITH, JJ.**

**PRATHER, PRESIDING JUSTICE, FOR THE COURT:**

Larry Jackson appeals his convictions on two counts of the transfer or sale of cocaine and sentences of thirty years in prison on each count, said sentences to run concurrently, with a fine of $2,000 on each count. The evidence presented to the jury included three eyewitness accounts and a blurry videotape of Jackson providing cocaine to his co-indictee for sale to undercover agents. Jackson's appeal on the merits and his premature motion for post-conviction relief (PCR) were consolidated for consideration of the following issues:

**I. Whether the trial court erred by denying appellant's pre-trial motion for continuance, after granting a motion for severance made by the State?**

**II. Whether the trial court erred when it failed to strike juror 24, a deputy sheriff with the Grenada County Sheriff's Office, where the case pending before the court was one involving a state law enforcement organization of which the Grenada County Sheriff's Department was a member and participant therein and which therefore created a conflict of interest?**

**III. Whether the trial court erred in denying a mistrial after the jury was seated, because one of the jurors who had been present for *voir dire* and was selected to sit on the jury was not there?**

**IV. Whether the trial court erred in refusing to give jury instruction D-2?**

**V. Whether the trial court erred in refusing to give jury instruction D-3?**

**VI. Whether the trial court erred in granting instructions S-1, S-2 and S-3?**

**VII. Whether the trial court erred in allowing the prosecutor to engage in improper closing argument urging the jury to find appellant guilty in order to take him off the street to control the drug problem?**

**VIII. Whether the trial court erred in denying appellant's motion for directed verdict?**

**IX. Whether the trial court erred in denying appellant's motion for new trial?**

**X. Whether the cumulative effect of the aforesaid errors deprived appellant of his fundamental right to a fair trial?**

**XI. Whether the trial court erred in denying appellant's post-conviction collateral relief motion?**

Consideration of the first seven issues raised by Jackson is procedurally barred.

*See Metcalf v. State*, 629 So. 2d 558, 561-62 (Miss. 1993) (Issue I, the trial judge's denial of a continuance, which was not raised in post-trial motions); *Mhoon v. State*, 464 So. 2d 77, 81 (Miss. 1985) (Issues II & III, the trial judge's moving of the alternate juror, a sheriff's deputy, to the jury panel because jury member could not be found, where deputy was not challenged peremptorily and, in Jackson's case, defense attorney stated that deputy was preferable to next person on the jury list); *Guilbeau v. State*, 502 So. 2d 639, 644 (Miss. 1987) (Issues IV and V, the trial judge's alleged "failure" to give proposed defense instructions, which were withdrawn by defense counsel); *Walker v. State*, 671 So. 2d 581, 606 (Miss. 1995) *Russell v. State*, 607 So. 2d 1107, 1117 (Miss. 1992) (Issue VI, the granting of State's proposed instructions without objection from defense); and, *Davis v. State*, 660 So. 2d 1228, 1251 (Miss. 1995) (Issue VII, the prosecutor's "send a message" comment, without a contemporaneous objection by the defense).

Jackson's Issues VIII and IX deal with the weight and sufficiency of the evidence. In view of the numerous people who testified that Jackson supplied cocaine to his co-indictee for sale to undercover agents, as well as the videotape that was studied by the jury, the evidence was of the necessary weight and sufficiency to support Jackson's convictions. *See Wetz v. State*, 503 So. 2d 803, 808 (Miss. 1987) (standard of review for challenges to weight and/or sufficiency of the evidence).

Therefore, Jackson's arguments on these points are without merit.

The tenth issue raised by Jackson is his assertion that the cumulative effect of the alleged errors in this case was to deny him a fair trial. However, the trial judge did not err with regard to any of the issues raised by Jackson, and, therefore, there could be no cumulative error. *Wilburn v. State*, 608 So. 2d 702, 705 (Miss. 1992) (quoting *McFee v. State*, 511 So.2d 130, 136 (Miss.1987)) ("Where there is 'no reversible error in any part, ... there is no reversible error to the whole.'").

Finally, Jackson's prematurely filed "post conviction relief" or "PCR" petition based on alleged ineffective assistance of counsel is considered as part of the direct appeal. *Rankin v. State*, 636 So. 2d 652, 655-56 (Miss. 1994). The issue of ineffective assistance of counsel raised in that petition is without merit, because Jackson has failed to demonstrate that the performance of his trial attorney was deficient such that he was prejudiced. *See Hansen v. State*, 649 So. 2d 1256, 1259 (Miss. 1994) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). For all these reasons, the judgment of the trial court is affirmed, *per curiam.*

**CAUSE NO. 94-KP-00656-SCT: COUNT ONE: SALE OF COCAINE AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND PAY A FINE OF $2,000.00 WITHIN ONE YEAR OF RELEASE DATE AFFIRMED. COUNT TWO: SALE OF COCAINE AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND PAY A FINE OF $2,000.00 AFFIRMED. COUNT TWO TO RUN CONCURRENTLY WITH COUNT ONE.**

**CAUSE NO. 95-KP-00521-SCT: DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., SULLIVAN, P.J., PITTMAN, BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**