828 So.2d 232 (2002)
Jerry LENARD, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-00389-COA.
Court of Appeals of Mississippi.
July 16, 2002.
Rehearing Denied October 1, 2002.
*233 Darnell Felton, Clarksdale, attorney for appellant.
Office of the Attorney General, by John R. Henry Jr., attorney for appellee.
Before KING, P.J., BRIDGES, and CHANDLER, JJ.
*234 KING, P.J., for the court.
¶ 1. Jerry Lenard was convicted by a jury and sentenced in the Circuit Court of Coahoma County for possession of a firearm by a convicted felon. Lenard appeals his conviction and argues on the following issues, we cite verbatim:
Whether the entire venire panel was tainted after a venireperson stated that she was an alternate juror in a previous trial of Jerry's and could not be fair toward Jerry.
Whether the State's questions about the exercise of Jerry's right to remain silent at the time of his arrest impermissibly infringed upon Jerry's right to remain silent under the federal and state constitutions.
Whether Jerry was entitled to a continuance because the State failed to disclose the substance of Loretta's testimony in order for Jerry to procure evidence to attack her credibility and to rebut her testimony.
Whether the proper label for Jerry's defense was necessity and not self-defense whereby it was imperssible [sic] for his defense to be labelled [sic] as self-defense.
Notwithstanding issue IV, whether the jury instructions taken as a whole informed the jury that the state must disprove self-defense beyond a reasonable doubt.
Whether the cumulative of [sic] errors denied Jerry a fundamentally fair trial.

FACTS
¶ 2. On June 3, 2000, Officer Jessie Barnes of the Clarksdale Police Department was dispatched to the residence of Jerry Lenard and his wife, Loretta Curb Lenard (Ms. Curb). Upon arrival, Officer Barnes heard loud voices inside the house. When no one responded to his knock, he tried the door and found that it was unlocked. When he entered the house, Ms. Curb stated that Lenard had a gun. Officer Barnes then pulled his weapon, told Lenard to lie on the floor, and asked where was the gun. Lenard stated that it was in his pants. Officer Barnes directed Lenard to rollover and then removed the gun. No other statements were made by Lenard.
¶ 3. Upon his arrival at the police station, Lenard was read his Miranda rights by Officer Chris Salley.
¶ 4. Charged with possession of a firearm by a convicted felon, Lenard was tried on January 24, 2001. During jury selection, a panel member indicated that she had served as an alternate juror in a previous case involving Lenard. She stated that having done so, called into question her ability to render an impartial verdict. The prospective juror stated that she did not know whether she could give a fair verdict to Lenard in the present case. Lenard then requested but was denied a mistrial. The trial court offered to give a limiting instruction, which Lenard refused.
¶ 5. Lenard was found guilty and sentenced to three years without the possibility of parole.

ANALYSIS

I.
Whether the entire venire panel was tainted after a venireperson stated that she was an alternate juror in a previous trial of Lenard's and could not be fair toward Lenard.
¶ 6. Lenard states that he was prejudiced by the voluntary remarks of the venireperson, who questioned whether she could render an impartial verdict because of her service as an alternate juror in a prior trial involving Lenard. He suggests *235 those voluntary remarks entitled him to a mistrial.
¶ 7. The State notes that while claiming prejudice, Lenard refused the trial court's offer to admonish the jury to disregard these remarks.
¶ 8. The decision to declare a mistrial rests within the sound discretion of the trial judge. Evans v. State, 725 So.2d 613 (¶ 14)(Miss.1998). In Evans, the trial court did not declare a mistrial and did not admonish the jury after the improper comments of a potential juror. Id. Although the trial court failed to admonish the jury to disregard the comment, the Mississippi Supreme Court ruled that a review of the prosecutor's follow-up questions suggested that "there was nothing to indicate that the venire panel had been biased, prejudiced or would be less than fair in discharging its duty by what had occurred." Id. at (¶ 116).
¶ 9. Similarly, in the present case, a potential juror blurted out improper comments concerning Lenard's credibility. The prospective juror stated: "I don't know him personally, but I was an alternate juror on a case in which he was involved in. So I don't know if I could give a fair verdict this time." Lenard refused a limiting instruction by the trial court. Lenard stated a desire not to draw any more attention to the juror's improper comments. Questioning the panel after the improper comments, the State received no indications that the jurors would decide the case on any basis other than the evidence that was received at trial. Upon questioning by defense counsel, the panel acknowledged that Lenard was entitled to and agreed to accord him the presumption of innocence.
¶ 10. After reviewing the record, this Court finds that the trial court did not abuse its discretion by refusing to declare a mistrial after the improper statements of a potential juror. This Court is satisfied that the venire panel was not influenced by the improper comments, and any error was harmless error.

II.
Whether the State's questions about the exercise of Lenard's right to remain silent at the time of his arrest impermissibly infringed upon Lenard's right to remain silent under the federal and state constitutions.
¶ 11. Lenard argues that the State improperly solicited from Officer Barnes testimony as to statements made by Lenard at the time of his arrest. Lenard suggests that the sole purpose for this action was to attack his credibility, informing the jury that he made no suggestion of self defense when arrested.
¶ 12. When Officer Barnes held Lenard at gunpoint, there was no doubt he was under arrest, and therefore entitled to be apprized of his rights. Miranda v. Arizona, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966). Miranda protects the right to speak and the right to remain silent. Miranda, 384 U.S. at 444, 86 S.Ct. 1602.
¶ 13. In the present case, it was improper for Officer Barnes to testify that Lenard gave no statement. However, having found this to be error, we hold it to be harmless error.
¶ 14. When Lenard chose to voluntarily testify, he placed in issue his credibility, and the State was entitled to test that credibility. It could do so by questioning whether his prior words and actions were consistent with the testimony, which he was then offering in court. Bogard v. State, 624 So.2d 1313, 1319 (Miss.1993).
*236 ¶ 15. Under cross-examination, Lenard acknowledged the same information which he claims was improperly solicited from Officer Barnes. In doing so, he rendered harmless any error made in obtaining this testimony from Officer Barnes.

III.
Whether trial court should have granted Lenard a continuance because the State failed to disclose the substance of the rebuttal witness's testimony in order for Lenard to procure evidence to attack the witness's credibility and to rebut the witness's testimony.
¶ 16. Lenard argues that the trial court erred when it failed to grant him a continuance after the State revealed an undisclosed rebuttal witness. He contends that the State intentionally withheld the name of Ms. Curb as a rebuttal witness.
¶ 17. Consistent with Uniform Circuit and County Court Rules 9.04(A)(1), the State was required to provide Lenard with the:
[n]ames and addresses of all witnesses in chief proposed to be offered by the prosecution at trial, together with a copy of the contents of any statement, written, recorded or otherwise preserved of each such witness and the substance of any oral statement made by such witness;....
¶ 18. The Mississippi Supreme Court has ruled that "[t]he law is clear that the State has no duty to provide the defense with the names of possible rebuttal witnesses, unless the State has requested notice of alibi defense." Smith v. State, 724 So.2d 280 (¶ 162) (Miss.1998).
¶ 19. Ms. Curb was not called as a witness in the State's case-in-chief, but as a rebuttal witness to refute testimony from Lenard. Rule 9.04 is only applicable to witnesses-in-chief, and was not violated.

IV.
Whether the proper label for Lenard's defense was necessity and not self-defense.
¶ 20. Lenard states that the trial court committed reversible error by failing to instruct the jury as to the defense of necessity. He asserts that there is a difference between necessity and self-defense and therefore, each requires a different application.
¶ 21. When a trial court fails to give a jury instruction, this Court must review the jury instructions as a whole to determine whether reversible error was committed. Johnson v. State, 749 So.2d 369 (¶ 10) (Miss.Ct.App.1999). As a general rule, the defendant will be granted his requested jury instructions "which present his theory of the case; however this entitlement is limited in that the court may refuse an instruction which incorrectly states the law, is covered fairly elsewhere in the instructions, or is without foundation in the evidence." Heidel v. State, 587 So.2d 835, 842 (Miss.1991).
¶ 22. Therefore, this Court must review whether the refused jury instruction of necessity was a correct statement of law, not redundant and supported by the evidence. To this end, a comparison of Lenard's requested jury instruction of necessity and the State's accepted jury instruction of self-defense is appropriate.
¶ 23. Lenard's instruction for necessity stated:
The Court instructs the jury that Jerry Lenard raised the defense of necessity. A previously convicted felon is not deprived of the defense of necessity when he is charged with possession of a firearm.
*237 In determining whether the defense of necessity is present [sic] in this case, the jury is instructed to consider the following factors:
1. Whether there was a specific and imminent threat about the firearm being used against him.
2. Whether Jerry Lenard's possession of the firearm prevented the firearm from being used against him.
3. Whether the only available adequate alternative was for Jerry Lenard to possess the firearm.
4. Whether Jerry Lenard's possession of the firearm less than the harm that would have resulted if Loretta would have gained possession of the firearm.
If from the evidence you should find that Jerry Lenard acted reasonable in possessing the firearm, it is your sworn duty as jurors to return a verdict of not guilty to the charge of possession of a firearm by a convicted felon.
If from the evidence you should find that Jerry Lenard acted unreasonable in possessing the firearm, you should find him guilty to the charge of possession of a firearm by a convicted felon.
¶ 24. The court granted Instruction S-2 which read:
The Court instructs the jury that where a convicted felon, reacting out of reasonable fear for his life or safety of himself, in the actual, physical course of a conflict that he did not provoke, takes temporary possession of a deadly weapon for the purpose or in the course of defending himself, he is not guilty of being a convicted felon in possession of a deadly weapon. However, the possession of a deadly weapon by the convicted felon either before the danger or for any significant period after it, remains a violation.
Accordingly, if you find that Jerry Lenard acted reasonably in self defense, then it is your sworn duty to find him not guilty.
¶ 25. "When one jury instruction adequately covers the defendant's theory of self defense, the trial court may properly refuse to grant a second instruction that is redundant or cumulative." Johnson v. State, 749 So.2d 369 (¶ 18)(Miss.Ct.App.1999). Comparing Lenard's refused instruction to the granted S 2 instruction, the trial court did not err in failing to grant Lenard's self-defense instruction. The granted instruction properly stated the law and directed the jury to find Lenard innocent, if it found his actions to be reasonable. The trial court did not err in failing to grant Lenard's necessity instruction which would have been cumulative and repetitious. Id.

V.
Notwithstanding issue IV, whether the jury instructions taken as a whole informed the jury that the State must disprove self-defense beyond a reasonable doubt.
¶ 26. Lenard argues that the State's self-defense instruction failed to inform the jury of the State's burden to disprove Lenard's claim of self-defense beyond a reasonable doubt.
¶ 27. "Once a defendant properly raises self-defense, the burden of proof rests with the prosecution to disprove that a defendant acted in necessary self-defense." McIntosh v. State, 749 So.2d 1235 (¶17) (Miss.Ct.App.1999); Johnson, 749 So.2d at 374 (¶ 20). Therefore, this Court, must examine whether the trial court properly informed the jury of the State's burden to disprove Lenard's claim of self defense in the State's elements instruction. Johnson, 749 So.2d at (¶ 21).
*238 ¶ 28. Upon review of the record, there were two jury instructions given by the trial court which taken together informed the jury of the State's burden to disprove Lenard's claim of self-defense.
Instruction S-1:
If you find from the evidence in this case beyond a reasonable doubt that:
1. the defendant, Jerry Lenard, has been previously convicted of a felony, and
2. the defendant, Jerry Lenard, had in his possession a deadly weapon, to-wit: a pistol, then you shall find the defendant, Jerry Lenard, guilty as charged.
If the State has failed to prove any one or more of these elements beyond a reasonable doubt, or that the Defendant acted in self-defense, then you shall find the defendant, Jerry Lenard, not guilty.
¶ 29. Additionally, S-2 stated in relevant part: "Accordingly, if you find that Jerry Lenard acted reasonably in self defense, then it is your sworn duty to find him not guilty." Both instructed the jury as to the Lenard's right of self-defense and the State's burden in disproving self-defense beyond a reasonable doubt. This Court reviews the instructions "as a whole and omissions from one, so long as not creating inconsistent instructions, can be corrected by language in others." Id. The trial court properly informed the jury of their duty to acquit Lenard if the jury found the prosecution failed to disprove that Lenard acted in self-defense when he took possession of the firearm.

VI.
Whether the cumulative errors denied Lenard a fundamentally fair trial.
¶ 30. Lenard claims that cumulative individual errors deprived him of a fundamentally fair trial. The Mississippi Supreme Court has held "individual errors, not reversible in themselves, may combine with other errors to make up reversible error." Wilburn v. State, 608 So.2d 702, 705 (Miss.1992). This Court will review "whether the cumulative effect of all errors committed during the trial deprived the defendant of a fundamentally fair and impartial trial." Id. Once the appellate court has determined that there did not exist individual errors to deprive the defendant of a fair trial then the defendant's claim is without merit. Id. "Where there is `no reversible error in any part, ... there is no reversible error to the whole.'" Id. quoting McFee v. State, 511 So.2d 130, 136 (Miss.1987). Having found no reversible errors, this issue is without merit. This Court affirms the jury verdict.
¶ 31. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY OF CONVICTION OF POSSESSION OF A FIREARM BY A CONVICTED FELON AND SENTENCE OF THREE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT THE POSSIBILITY OF PAROLE OR PROBATION, AND A FINE OF $5,000 IS AFFIRMED. SENTENCE IMPOSED IN THIS CAUSE SHALL RUN CONSECUTIVELY TO ANY AND ALL SENTENCES PREVIOUSLY IMPOSED. COSTS OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR. IRVING, J., CONCURS WITH RESULT ONLY.