844 So.2d 519 (2003)
Antonio SHEFFIELD, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-00283-COA.
Court of Appeals of Mississippi.
April 29, 2003.
*521 Rodney D. Robinson, Deceased, Felicia Dunn Burkes, Gulfport, attorneys for appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
Before McMILLIN, C.J., BRIDGES and GRIFFIS, JJ.
McMILLIN, C.J., for the court.
¶ 1. Antonio Sheffield was found guilty of simple assault on a law enforcement officer by a Harrison County Circuit Court jury. The offense occurred during a time that Sheffield was incarcerated and arose out of a confrontation between Sheffield and a prison guard. Sheffield has appealed his conviction asserting two specific grounds for reversal: (a) first, he claims that the court erred in an evidentiary ruling that excluded evidence of the guard's aggressive behavior toward other inmates; and (b) that the court erred when it refused to give a self-defense jury instruction requested by the defense. Additionally, Sheffield argues that, even if the two assigned errors are not of sufficient gravity to require reversal when considered in isolation, the cumulative effect of the erroneous rulings was enough to deny him a fundamentally fair trial as assured him by the Sixth Amendment to the Constitution of the United States. Finding no basis requiring relief, we affirm the judgment of the circuit court.

I.

Facts
¶ 2. The facts of the case are not in substantial dispute. A physical confrontation between Sheffield and a Harrison County Adult Detention Center officer named Lieutenant Robert Weatherford occurred after Sheffield refused Weatherford's order that he remove and surrender a sweatshirt which Weatherford contended was not authorized dress for Sheffield as an inmate in the institution. Weatherford testified that he approached Sheffield after Sheffield repeatedly refused a direct command to surrender the shirt and that, as he approached the prisoner to forcibly remove the shirt, Sheffield without provocation knocked him to the floor with a blow from his fist and continued to hit him several more times after the guard went down. Weatherford received a cut lip and a chipped tooth as a result of the blows.
¶ 3. Sheffield admitted striking Officer Weatherford, but claimed that he only did so in self-defense when he saw Weatherford preparing to spray him with an incapacitating chemical spray used by guards to control inmate behavior. Sheffield did not dispute the fact that Weatherford had ordered him to surrender the sweatshirt, but justified his refusal to do so by saying that he had not been properly informed that the shirt violated prison rules and that other prison officials had seen him wearing the shirt earlier during the day and had not said anything about it.

II.

Character Evidence Relating to the Victim
¶ 4. Sheffield claims that he was improperly restricted in presenting his claimed defense that he struck Weatherford for the sole purpose of defending himself from what he reasonably feared to be an imminent attack likely to produce death or serious bodily injury. His contention on appeal is that he was prevented from presenting evidence to demonstrate *522 to the jury that Weatherford was overly aggressive in his treatment of prisoners, thereby making Sheffield's claimed fear of imminent harm more reasonable. Under this general umbrella, Sheffield complains of three different evidentiary rulings by the court. We will consider them in the order raised in the brief.

A.

Improper Limitation on the Defendant's Testimony
¶ 5. Sheffield testified in his own defense and claimed that he had
heard other things about [Weatherford] as far as misconduct with other inmates and stuff. I can name them if it takes it, you know. I can call officers' name, you know, that have told me stuff and how they feel negative about him, you know, for certain reasons. I can go into that if it need be.
¶ 6. Defense counsel invited Sheffield to proceed with particulars but the State interposed an objection which the court sustained. The defense made no proffer as to what the particulars of Sheffield's testimony might have been had he been allowed to continue. In a self-defense case, the reputation of the victim may be relevant when there is a claim that the victim was the initial aggressor. M.R.E. 404(a)(2); see McCullough v. State, 750 So.2d 1212, 1220-21 (¶ 36) (Miss.1999). In a somewhat related situation, when the defendant claims to have acted preemptively to protect himself from a feared but yet-unrealized attack, the defendant's knowledge concerning the victim's character for aggressive behavior may be relevant to permit the jury to assess the reasonableness of the defendant's response to what might otherwise appear as an overreaction against the victim. Stoop v. State, 531 So.2d 1215, 1219-20 (Miss.1988). In the latter circumstance, it is essential that the proper predicate be laid for the admissibility of evidence of the victim's propensity for violence, i.e., that the defendant was actually aware of the victim's character so that this prior knowledge colored the defendant's decision regarding the necessity of violent physical effort to avoid an anticipated attack. This is so because of the obvious proposition that, if the defendant was not actually aware of the victim's reputation for violent behavior, there was no reasoned basis to utilize force that, in the ordinary circumstance, would appear excessive and unjustified.
¶ 7. There is nothing in the testimony of Sheffield indicating that he had any basis to reasonably believe that Weatherford was bearing down on him with the intention of inflicting serious bodily injury. There is a marked difference between testimony that Sheffield felt Weatherford was singling him out for harassment and testimony that Sheffield actually feared for his physical safety at the hands of Weatherford. His testimony about what he had heard from others was characterized only as "misconduct," which certainly does not necessarily invoke notions of physical assaults designed to inflict serious injury. Had Sheffield proceeded with a proffer giving greater details as to what exactly he understood about Weatherford's propensity for violent behavior against inmates, we would be in a better position to assess the harm to the defense that was occasioned by the trial court's decision to cut off that line of Sheffield's testimony. Without such a proffer, we are unable to determine whether evidence relevant to the question, not of Weatherford's general reputation as an unusually tough guard, but of his propensity for unprovoked physical assaults on inmates, was available to aid the jury in its deliberation on the question of self-defense. Mississippi Rule of Evidence *523 103(a) states that "[e]rror may not be predicated upon a ruling which ... excludes evidence unless a substantial right of the party is affected...." M.R.E. 103(a). We cannot reach such a conclusion on the record now before us.

B.

Testimony of Defense Witness James Brown
¶ 8. One of Sheffield's fellow inmates was allowed to testify, over the State's objection, concerning his knowledge of "Lieutenant Weatherford's reputation in the jail." The extent of his testimony even closely related to Weatherford's alleged propensity for violence was the statement that "[Weatherford] was just messing with a lot of folks in there, you know." From there, Brown attempted to launch into testimony about Weatherford's alleged sexual improprieties with a female inmate. The State promptly objected once again. This time the trial court properly sustained the objection. The defense abandoned that line of inquiry and returned to Brown's knowledge of the circumstances of the incident itself. Now, on appeal, Sheffield claims that he was improperly restricted in presenting testimony from this witness relating to the issue of self-defense. The facts do not bear out such an assertion. Certainly, an allegation of sexual misconduct does nothing to show a propensity for unprovoked violence on the part of Weatherford. There was no effort to obtain further testimony from Brown relating to the specific issue of Weatherford's tendency toward violence that was thwarted by a ruling of the trial court. Neither did the defense make a proffer of what additional testimony it hoped to obtain from this witness. On this record, there is no basis to conclude that Brown was possessed of admissible information concerning the limited field of Weatherford's reputation for violence that the trial court wrongly prevented the jury from considering.

C.

Proffered Testimony of Earl Walls
¶ 9. Sheffield sought to call Earl Walls as a defense witness. In this instance, the court required a proffer of the anticipated testimony before allowing Walls to testify. In the proffer outside the jury's presence, defense counsel indicated that Walls would testify as to a previous incident where Weatherford allegedly choked an inmate while the inmate was physically restrained with handcuffs. The trial court refused to permit the testimony when the defense conceded that there was no indication that Sheffield had any previous knowledge of that particular incident. Now, Sheffield claims that ruling was erroneous.
¶ 10. The record in this case makes clear that Sheffield's defense is not based on a claim that Weatherford was, in fact, the initial aggressor in their physical confrontation and that the ensuing blows he administered to Weatherford were in an attempt to defend himself from an on-going assault. Instead, Sheffield's defense is premised on the notion that his decision to inflict multiple blows to the face and head of Weatherford was based on a reasonable fear that an unprovoked and unwarranted violent physical assault by Weatherford, though not yet commenced, was imminent. In that situation, it is not just the victim's purported character for violent behavior that is important. It is also the fact that the defendant is actually aware of that reputation and that knowledge then drives the actions of the defendant that, without an understanding of his awareness of the victim's violent propensities, might appear unwarranted or disproportionate. *524 See Freeman v. State, 204 So.2d 842, 844 (Miss.1967). Absent a showing that Sheffield was actually aware of the prior alleged choking incident, there could be no basis to claim that Sheffield, in fear of some similar unwarranted attack, elected to act preemptively to avoid injury to himself. Thus, there was no error in excluding the testimony of this witness.

III.

Jury Instructions
¶ 11. Sheffield argues that the trial court committed reversible error when it declined to give his requested jury instruction on self-defense. The instruction read as follows:
The court instructs the jury that if you believe from the evidence the defendant Antonio Sheffield, had a reasonable ground to believe that he was in immediate, imminent and impending danger of great bodily harm at the hands of Robert Dean Weatherford, Jr., at the time of this incident, accompanied by an overt act by Weatherford, then Antonio Sheffield had a right to use force to protect himself.
¶ 12. In determining whether error lies in the manner in which the jury was instructed, the various requested instructions are not considered in isolation. Rather, the instructions actually given must be read as a whole. Turner v. State, 721 So.2d 642, 648 (¶ 21) (Miss.1998). When so read, if the instructions fairly announce the law of the case and create no injustice, no reversible error will be found. Coleman v. State, 697 So.2d 777, 782 (Miss. 1997). Two instructions were given by the trial court that more than adequately presented Sheffield's theory of defense. The first instruction given read as follows:
The Court instructs the Jury that to make an assault justifiable on the grounds of self-defense, the danger to the Defendant must be either actual, present and urgent, or the Defendant must have reasonable grounds to apprehend a design on the part of the victim to kill him or to do him some great bodily harm, and in addition to this he must have reasonable grounds to apprehend that there is imminent danger of such design being accomplished. It is for the jury to determine the reasonableness of the ground upon which the Defendant acts.
¶ 13. In addition, a second instruction relating to self-defense contained the following language:
The Court instructs the jury that insulting words do not constitute an assault, and if the jury believes from the evidence beyond a reasonable doubt that Weatherford was the aggressor and struck the defendant the first blow or attempted to strike the defendant first, and afterwards the defendant defended himself with no more force than was necessary to ward off the attack as he had a legal right to do, then the duty of the jury is to find the defendant not guilty.
¶ 14. The jury was thus instructed as to the two related but not identical theories of self-defense, to wit; (a) that Weatherford was, in fact, the initial aggressor, or (b) that Sheffield had reasonable cause to believe that a violent physical assault from Weatherford was imminent. The refused instruction was nothing more than an alternate method of stating the self-defense theory set out in the first of the instructions given that are quoted above. The court is not required, simply because the defense requests it, to give multiple instructions relating to the same concept of law. Laney v. State, 486 So.2d 1242, 1246 (Miss.1986).

*525 IV.

Cumulative Effect of Error
¶ 15. Sheffield claims that the cumulative effect of the individual errors assigned on appeal deprived him of a fundamentally fair trial. The Mississippi Supreme Court has held "individual errors, not reversible in themselves, may combine with other errors to make up reversible error." Wilburn v. State, 608 So.2d 702, 705 (Miss.1992).
¶ 16. When such a claim is made, this Court must decide "whether the cumulative effect of all errors committed during the trial deprived the defendant of a fundamentally fair and impartial trial." Id. However, a necessary predicate to an inquiry of that nature is a determination that multiple errors in the conduct of the trial, in fact, occurred. Once the Court has determined that the asserted individual errors are without merit, then the defendant's claim of cumulative effect must be seen as without merit by simple logic. That is the situation now before the Court.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY OF CONVICTION OF SIMPLE ASSAULT ON A PEACE OFFICER AND SENTENCE OF FIVE YEARS WITHOUT THE BENEFIT OF PAROLE OR PROBATION IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. HIS SENTENCE SHALL RUN CONSECUTIVELY WITH HIS FEDERAL SENTENCE CASE NUMBER 1:00CR53BRR-001. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.