918 So.2d 87 (2006)
Vanessa Renee LEE, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CP-00643-COA.
Court of Appeals of Mississippi.
January 3, 2006.
*88 Vanessa Renee Lee, appellant, pro se.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before MYERS, P.J., BARNES and ISHEE, JJ.
MYERS, P.J., for the Court.
¶ 1. Vanessa Lee pled guilty to conspiracy to commit capital murder and attempted capital murder. She was sentenced to serve twenty years for conspiracy with ten years suspended and ten years to serve and sentenced to ten years for attempted capital murder with ten years to serve, both sentences to run concurrently. Lee moved for post-conviction relief, and the court dismissed the motion as without merit. Aggrieved by this ruling, Lee filed this appeal for post-conviction relief asserting the following issues:
I. LEE WAS DENIED DUE PROCESS OF LAW BY THE IMPOSITION OF A SENTENCE THAT WAS DISPARATE, DISPROPORTIONATE, HARSH AND EXCESSIVE IN LIGHT OF HER FIRST OFFENDER STATUS.
II. LEE'S PLEAS WERE INVOLUNTARY BECAUSE SHE WAS NOT ADVISED CONCERNING HER RIGHT TO APPEAL OR THE MAXIMUM SENTENCE THAT COULD BE IMPOSED.
III. LEE WAS SUBJECTED TO DOUBLE JEOPARDY DUE TO HER CONVICTION ON BOTH CONSPIRACY TO COMMIT CAPITAL MURDER AND ATTEMPTED CAPITAL MURDER.
IV. LEE SHOULD BE GRANTED RELIEF BASED ON THE CUMULATIVE EFFECT OF ALL ERRORS COMMITTED BY THE TRIAL COURT.

STANDARD OF REVIEW
¶ 2. In reviewing a trial court's decision to deny a motion for post-conviction relief the standard of review is clear. The trial court's decision will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150 (Miss.Ct.App. 2002).

I. LEE WAS DENIED DUE PROCESS OF LAW BY THE IMPOSITION OF A SENTENCE THAT WAS DISPARATE, DISPROPORTIONATE, HARSH AND EXCESSIVE IN LIGHT OF HER FIRST OFFENDER STATUS.
¶ 3. Lee claims that her sentence of twenty years for conspiracy with ten years suspended and ten years to serve and her sentence of ten years for attempted capital murder with ten years to serve is excessive considering her status as a first time offender.
¶ 4. The trial court has complete discretion in sentencing and is not subject to appellate review when that sentence is within the limits set by statute. Allen v. State, 826 So.2d 756 (¶ 18) (Miss.Ct.App. 2002). This Court will not disturb a sentence that is imposed as long as the sentence is within the terms set forth in the statute. Id.
¶ 5. Lee was charged with violating Mississippi Code Annotated § 97-1-1 (conspiracy) and § 97-1-7 (attempt to commit *89 offense). The permissible punishment for conspiracy to commit capital murder is twenty years and the punishment for attempted capital murder is ten years. We find the sentence imposed on Lee is within the limits of those provided for by statute. This issue is without merit.

II. LEE'S PLEAS WERE INVOLUNTARY BECAUSE SHE WAS NOT ADVISED CONCERNING THE MAXIMUM SENTENCE THAT COULD BE IMPOSED OR HER RIGHT TO APPEAL.
¶ 6. As her next assignment of error, Lee asserts that her guilty pleas were involuntary due to the court's failure to inform her of the maximum sentence that could be imposed and her belief that the court did not advise her of the right to appeal.
¶ 7. Lee's argument that she was not advised as to the maximum sentence that could be imposed upon her is without merit. In her petition to enter a plea of guilty the maximum penalty for each offense is stated in paragraph nine. This petition was entered on September 17, 2001.
¶ 8. Additionally, Lee asserts that her pleas were involuntary because the court advised her that she had no right to appeal the sentence. Nothing in the record supports this argument. There is no trial transcript. In addition, Mississippi Code Annotated § 99-35-101 provides that "an appeal from the circuit court to the supreme court shall not be allowed in any case where the defendant enters a plea of guilty." We find no merit to this issue.

III. LEE WAS SUBJECTED TO DOUBLE JEOPARDY DUE TO HER CONVICTION ON BOTH CONSPIRACY TO COMMIT CAPITAL MURDER AND ATTEMPTED CAPITAL MURDER.
¶ 9. As her third issue, Lee claims that she is subject to double jeopardy for her conviction of both conspiracy to commit capital murder and attempted capital murder. Lee's reliance on double jeopardy for her conviction of both conspiracy and attempt is misplaced because these two offenses do not merge. We have previously stated:
Case law makes it plain that conspiring to commit a crime is a separate offense that is complete once the conspiracy is undertaken, an event that necessarily precedes the actual commission of the planned crime. State v. Thomas, 645 So.2d 931, 933 (Miss.1994). As such, the two offenses are considered separate criminal violations separately punishable without invoking considerations of double jeopardy. Id.

Hunt v. State, 863 So.2d 990, 994(¶ 14) (Miss.Ct.App.2004). The conspiracy to commit capital murder and attempted capital murder are two separate crimes; therefore, the issue is without merit.

IV. LEE SHOULD BE GRANTED RELIEF BASED ON THE CUMULATIVE EFFECT OF ALL ERRORS COMMITTED BY THE TRIAL COURT.
¶ 10. As her final issue, Lee ask this court to grant her relief based on the cumulative effect of the aforementioned errors. The Mississippi Supreme Court has held "individual errors, not reversible in themselves, may combine with other errors to make up reversible error." Wilburn v. State, 608 So.2d 702, 705 (Miss. 1992).
¶ 11. An analysis of cumulative error must be based on the fact that each error found on appeal, standing alone, did not produce an unfair trial, but when evaluated cumulatively did produce an unfair trial. Id. However, for there to be a cumulative *90 effect it must be found that there were multiple errors at trial. Sheffield v. State, 844 So.2d 519, 525 (¶ 16) (Miss.Ct. App.2003). We find that there were no errors at trial; therefore, this issue is without merit.

CONCLUSION
¶ 12. Finding that all issues presented in this petition for post-conviction relief are without merit, we affirm the dismissal of the petition by the Circuit Court of Hinds County.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY DISMISSING PETITION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.