953 So.2d 260 (2006)
Jermaine WILLIAMS, a/k/a Crap, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2005-KA-01674-COA.
Court of Appeals of Mississippi.
November 7, 2006.
Rehearing Denied April 3, 2007.
*261 Phillip Broadhead, Oxford, Raymond L. Wong, Cleveland, attorneys for Appellant.
Office of the Attorney General by Scott Stuart, attorney for Appellee.
Before MYERS, P.J., BARNES and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. Jermaine Williams, also known as "Crap," was convicted in the Circuit Court of Bolivar County of possession of a firearm by a convicted felon. Williams was sentenced to serve three years in the custody of the Mississippi Department of Corrections and to pay a fine in the amount of $5,000. Aggrieved, Williams appeals. Finding no error, we affirm.

FACTS
¶ 2. On April 4, 2004, near midnight, Williams was in front of his house in Cleveland, Mississippi working on his car when he was approached by Tyrone Payton.[1] An argument between the two men quickly ensued, and people in the neighborhood began to congregate in the area. As the argument intensified, Payton backed Williams out of the street and into his yard. Shortly thereafter, Williams *262 pulled out a gun and fatally shot Payton in the neck.
¶ 3. On September 21, 2004, Williams was indicted by a Bolivar County grand jury for Count I, manslaughter, and Count II, possession of a firearm by a convicted felon. The jury trial began on May 2, 2005. Williams testified that he was carrying a gun the night of the shooting because of an altercation with Payton the day before. According to Williams, Payton came over to his house on April 3, 2004, and they sat down for a while and talked. When Williams took out some change, Payton "struck [him] in the face with a pistol, snatched [his] money and took off running." Williams further testified that he had a gun because he "didn't know whether [Payton] was going to do something else to [him] or kill [him] or whatever." Williams admitted, however, that he did not go to the police to report the assault.
¶ 4. During a jury instruction conference, Williams objected to jury instruction S-1 as it applied to Count II of the indictment. Jury instruction S-1 stated in relevant part:
[I]f you believe from the evidence in this case beyond a reasonable doubt that:
1. On or about April 4, 2004, [Williams] did unlawfully, wilfully and feloniously possess a pistol, and
2. At the time of the possession of said firearm, [Williams] had been convicted of a felony crime under the law of the State of Mississippi,
then you shall find [Williams] guilty of the crime of possession of a firearm by a convicted felon in Count II.
If the State has failed to prove any one or more of the above elements beyond a reasonable doubt, then you shall find the defendant not guilty in Count II.
Williams asserted that, although the jury instruction did follow Mississippi Code Annotated section 97-37-5 (Rev.2000), it did not make an exception for possession of a firearm by a convicted felon in self-defense. The court declined to amend jury instruction S-1 finding that "there were no circumstance [sic] existing at the time the alleged self defense occurred to show an immanent [sic] threat to the defendant." The court further found that, because Williams provided no legal authority to support his objection, it was inappropriate to amend the jury instruction to include an exception for self-defense.
¶ 5. The jury found Williams not guilty of manslaughter, but found him guilty of possession of a firearm by a convicted felon.[2] The trial court denied Williams's motion for JNOV or, in the alternative, a motion for a new trial. Aggrieved by his conviction and sentence, Williams appeals. He asserts the following issue for our review, which we list verbatim:
I. Whether the trial court abused its discretion when it granted jury instruction S-1 without modification, which prevented the jury from considering [Williams's] entire theory of defense when the evidence supported the defense of necessity, which is recognized by the law, and necessity was not covered by any other jury instruction as to the charge of possession of a firearm by a felon.

STANDARD OF REVIEW
¶ 6. "In determining whether error lies in the manner in which the jury *263 was instructed, the various requested instructions are not considered in isolation. Rather, the instructions actually given must be read as a whole." Sheffield v. State, 844 So.2d 519, 524(¶ 12) (Miss.Ct. App.2003) (citing Turner v. State, 721 So.2d 642, 648(¶ 21) (Miss.1998)). No reversible error will be found if the instructions fairly announce the law of the case and create no injustice. Johnson v. State, 908 So.2d 758, 764(¶ 20) (Miss.2005) (citing Williams v. State, 863 So.2d 63, 65(¶ 5) (Miss.Ct.App.2003)). "A defendant is entitled to have jury instructions given which present his theory of the case; however, this entitlement is limited in that the court may refuse an instruction which incorrectly states the law, is covered fairly elsewhere in the instructions, or is without foundation in the evidence." Byrom v. State, 863 So.2d 836, 874 (¶ 129) (Miss. 2003) (quoting Heidel v. State, 587 So.2d 835, 842 (Miss.1991)). Jury instructions are within the sound discretion of the trial court. Goodin v. State, 787 So.2d 639, 657(¶ 60) (Miss.2001).

ISSUE AND ANALYSIS
I. Whether the trial court abused its discretion when it granted jury instruction S-1 without modification, which prevented the jury from considering [Williams's] entire theory of defense when the evidence supported the defense of necessity, which is recognized by the law, and necessity was not covered by any other jury instruction as to the charge of possession of a firearm by a felon.
¶ 7. Williams asserts that he was entitled to a jury instruction that presented his entire theory of the case, i.e., that it was "reasonably necessary to arm himself in violation of the law in order to prevent Payton from killing him." He further asserts that, without mention of a necessity defense, jury instruction S-1 was tantamount to a directed verdict in favor of the State because it did not include an exception for "necessary self-defense and necessity." Williams also notes that "[i]t is indeed odd that the trial judge recognized that an instruction to the jury as to necessary self defense in Count I was proper . . . but then went on to deny the defense's request to modify the jury instruction . . . as to Count II."
¶ 8. Regarding Williams's allegation that the trial court should have allowed a self-defense exception for possession of a firearm by a convicted felon because it allowed a self-defense instruction for manslaughter, we note that Mississippi Code Annotated section 97-3-35 (Rev.2000) defines manslaughter, or "killing without malice in the heat of passion," as an act done "not in self-defense." Thus, "not in self-defense" is an element of the crime of manslaughter and was properly included in the jury instructions for Count I. In contrast, we find that self-defense is not a viable defense to possession of a firearm by a convicted felon. Possession of a firearm by a convicted felon is a criminal act void of a third party to defend against. Williams was guilty of possessing a firearm even if Payton had never approached him that night. Consequently, we find that the trial court did not err in refusing to grant a self-defense exception to possession of a firearm by a convicted felon.
¶ 9. Regarding the trial court's refusal to grant Williams's request for a necessity instruction, we note that necessity is a valid defense to possession of a firearm by a convicted felon. See Lenard v. State, 828 So.2d 232(¶ 25) (Miss.Ct.App. 2002). In order to be entitled to a defense of necessity, the defendant must prove the following: (1) the act charged was done to prevent a significant evil, (2) there was no *264 adequate alternative, and (3) the harm caused was not disproportionate to the harm avoided. Stodghill v. State, 892 So.2d 236, 238 (Miss.2005).
¶ 10. We find that the evidence in the case at bar does not justify a necessity instruction, as Williams failed to prove that there was no adequate alternative. Although Payton had assaulted Williams the day before, Williams did not press charges or otherwise inform the police of the perceived threat Payton made against him. Furthermore, Williams armed himself with the gun before Payton confronted him on the night of April 4, 2004. Thus, Williams possessed the firearm before it was absolutely necessary. As previously stated, a trial court may refuse an instruction which is without foundation in the evidence. Consequently, we find that the trial court did not err in refusing to amend jury instruction S-1 to include an exception for necessity. This issue is without merit.
¶ 11. THE JUDGMENT OF THE BOLIVAR COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF A FIREARM BY A CONVICTED FELON AND SENTENCE OF THREE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND PAYMENT OF A FINE IN THE AMOUNT OF $5,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO BOLIVAR COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, AND ROBERTS, JJ., CONCUR.
NOTES
[1] Williams testified that Payton had been trying to collect a debt from him in the amount of $300.
[2] Williams was previously convicted of the sale of cocaine and/or marijuana, a felony, in the Circuit Court of Sunflower County.