933 So.2d 1056 (2006)
Don LONG, Appellant Cross-Appellee
v.
STATE of Mississippi, Appellee Cross-Appellant.
No. 2004-KA-01794-COA.
Court of Appeals of Mississippi.
July 18, 2006.
*1057 Johnnie E. Walls, Greenville, attorney for appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
Before MYERS, P.J., IRVING and ROBERTS, JJ.
MYERS, P.J., for the Court.
¶ 1. Don Long was found guilty of possession of stolen property in the Circuit Court of Yazoo County on August 27, 2004. The trial court sentenced him to five years in the custody of the Mississippi Department of Corrections with three years suspended, leaving two years to serve. Aggrieved by the trial court's ruling, Long appeals to this Court raising the following issue:
WHETHER OR NOT THE EVIDENCE OF POSSESSION OF STOLEN PROPERTY WAS INSUFFICIENT TO SUSTAIN LONG'S CONVICTION.
¶ 2. The State filed a cross-appeal raising the following issue:
WHETHER OR NOT THE TRIAL COURT ERRED IN SUPPRESSING EVIDENCE OF OTHER STOLEN ITEMS.

FACTS
¶ 3. Brett Corbett purchased a Ford F-250 pick-up truck on September 25, 2000, for approximately $36,000. On or about March 6, 2001, this truck became missing. Corbett reported it stolen to the Lee *1058 County Sheriff and then filed an insurance claim. Long purchased this truck from Ricky Landers for $12,000 without getting any paperwork, bill of sale or title. Long did not purchase a tag for the truck or insurance. On March 16, 2002, Terry Saxton, the operator of the Walnut Hills Golf Course in Yazoo County, noticed a Ford F-250 parked in the parking lot with a boat attached. Saxton did not recognize the truck. A police officer came to the golf course and ran a check on the truck and discovered that it had been reported stolen. Around ten days later, Long came to the sheriff's office to retrieve the truck. Long did not bring the title, bill of sale or any sort of paper work for the truck, except for a cancelled check for $12,000 made out to Ricky Landers. Long presented this check in an attempt to prove ownership of the truck. Long was charged with possession of stolen property, and on August 27, 2004, a Yazoo County jury found Long guilty.

STANDARD OF REVIEW
¶ 4. The standard of review for deciding whether or not a jury verdict is against the overwhelming weight of the evidence is that this Court must accept the evidence which supports the verdict as true and will reverse only if convinced that the circuit court abused its discretion in not granting a new trial. Price v. State, 898 So.2d 641, 652(¶ 26) (Miss.2005). A new trial will not be ordered unless we are convinced that the verdict is so contrary to the overwhelming weight of the evidence, that to allow the verdict to stand, would be to sanction an unconscionable injustice. Pearson v. State, 428 So.2d 1361, 1364 (Miss.1983).
¶ 5. This high standard is necessary because any factual disputes are properly resolved by the jury not by an appeals court. McNeal v. State, 617 So.2d 999, 1009 (Miss.1993). The only way this Court can overturn the jury's findings is when the facts must be so in favor of the defendant that reasonable men could not have found beyond a reasonable doubt that the defendant was guilty. Glass v. State, 278 So.2d 384, 386 (Miss.1973).
¶ 6. Long asserts that the evidence produced at trial was insufficient to sustain his conviction. He goes further to argue that there was no evidence presented which indicated that he willfully, intentionally and feloniously possessed the stolen truck. He states that the State had no knowledge that Long had anything to do with the truck until he appeared at the sheriff's office. However, the boat attached to this truck was registered under Long's name. Mississippi Code Annotated section 97-17-70(1) sets out the requirements for the crime of receiving stolen property, which are the possession, receipt, retention or disposition of personal property which was stolen from someone else with the knowledge or a reasonable belief that the property is stolen. Washington v. State, 726 So.2d 209, 212-13 (¶ 10) (Miss.Ct.App.1998). "Guilty knowledge is the gist of the offense of receiving stolen property...." Ellett v. State, 364 So.2d 669, 670 (Miss.1978); Johnson v. State, 247 So.2d 697, 698 (Miss.1971). For the State to prove guilty knowledge, it must prove that Long received the property under circumstances that would lead a reasonable person to believe that it was stolen. Ellett, 364 So.2d at 670. Even if Long did not witness the theft of the truck, a reasonable man would have known it was stolen. He purchased the truck at a very low price and did not receive any sort of evidence of ownership from the seller. Guilty knowledge must be both alleged and proved by the State for a conviction to stand. Johnson v. State, 247 So.2d 697 (Miss.1971). We find that this issue has *1059 no merit; therefore, we see no need to discuss the issue on cross-appeal.
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF YAZOO COUNTY OF CONVICTION OF POSSESSION OF STOLEN PROPERTY AND SENTENCE OF FIVE YEARS WITH THREE YEARS SUSPENDED LEAVING TWO YEARS TO SERVE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED ON DIRECT AND CROSS-APPEAL. ALL COSTS OF THIS APPEAL ARE ASSESSED TO YAZOO COUNTY.
KING, C.J., LEE, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, AND ROBERTS, JJ., CONCUR.