960 So.2d 506 (2006)
Samuel Tyrone WILLIAMS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2005-KA-01383-COA.
Court of Appeals of Mississippi.
October 24, 2006.
Rehearing Denied April 10, 2007.
*508 John Carl Helmert, attorney for appellant.
Charles W. Maris, Jackson, attorney for appellee.
Before LEE, P.J., CHANDLER and ROBERTS, JJ.
CHANDLER, J., for the Court.
¶1. Samuel Tyrone Williams was indicted for aggravated assault and kidnaping in the Circuit Court of Lee County, Mississippi. On May 4, 2005, a jury found Williams guilty of simple assault and kidnaping. Williams was sentenced as a habitual offender. He was sentenced to serve six months in the county jail for simple assault and to serve a consecutive sentence of thirty years in the custody of the Mississippi Department of Corrections for kidnaping. Williams appeals, raising these issues:
I. WHETHER THE TRIAL COURT ERRED IN ADMITTING THE 911 TAPE OF THE DEFENDANT'S WIFE IN VIOLATION OF CRAWFORD V. WASHINGTON

II. WHETHER THE DEFENDANT WAS PROPERLY SENTENCED AS A HABITUAL OFFENDER
III. WHETHER THE TRIAL COURT ERRED IN DISMISSING A JUROR FOR CAUSE
¶ 2. We affirm. We find that the court did not err in admitting the 911 tape, the *509 defendant was properly sentenced as a habitual offender, and the trial court did not err in dismissing a juror for cause.

FACTS
¶ 3. On December 11, 2003, Williams approached Tonya Elliot in the parking lot of the Trace Inn motel in Tupelo, Mississippi. Williams saw Elliot and Williams's wife, Tragelia Williams, emerge from one of the rooms of the motel. An argument between Williams and Elliot ensued. As Elliot attempted to open her car door, Williams leaned against it. Williams then punched Elliot and forced her into the car. Williams also got into the car and drove away. Elliot attempted to leave the car, and Williams grabbed her by her shirt and pulled her back into the car. Williams continued to drive the car and beat Elliot.
¶ 4. While Elliot was in the car with Williams, Tragelia attempted to call Elliot's cell phone. Tragelia did not speak directly to Elliot, but overheard Elliot speaking to Williams. Tragelia then called 911 to report the abduction, whereupon the police called Elliot's cell phone. Williams answered Elliot's phone and told the police that he had an altercation with Elliot earlier that day but had not seen her since.
¶ 5. Williams later stopped at a gas station to purchase fuel for the car. Williams made Elliot stand on the driver's side of the vehicle while he pumped the gas. Williams gave money to a stranger to go inside and pay for the gas. Williams continued to drive around until they arrived at a trailer park. Williams took off his shirt and attempted to wipe his fingerprints off of the car. When Williams went into one of the trailers, Elliot escaped and drove away.
¶ 6. Elliot called 911 from her cell phone but was unable to tell the operator her location because she did not know where she was. The 911 dispatcher used a satellite locator to determine Elliot's whereabouts, and relayed her location to the local police. At a nearby restaurant, Elliot was met by the police and taken to the hospital where she was treated.
¶ 7. Williams was indicted for aggravated assault and kidnaping in Lee County, Mississippi. Prior to trial, Williams filed a motion to exclude the testimony of Tragelia Williams based on the spousal privilege concerning the competency of a witness spouse. The trial court granted the motion and ordered that Tragelia was incompetent to testify pursuant to Mississippi Code Annotated § 13-1-5 (Rev.2002). A two-day jury trial began on May 3, 2005.
¶ 8. At trial, the State introduced a series of four 911 tape recordings into evidence. The State introduced a transcript of the fourth call into evidence. The remaining calls were not transcribed but were heard by the jury. At the time of the introduction, it was unclear what portion of the tape would be played because of the presence of the partial transcript. The portion of the tape played for the jury included the 911 call made by Tragelia in which she stated that she believed Williams had abducted Elliot.
¶ 9. On May 4, 2005, the jury found Williams guilty of simple assault and kidnaping. Williams filed a motion for a judgment notwithstanding the verdict or, in the alternative, a motion for a new trial. The trial court denied the motion.

LAW AND ANALYSIS
I. WHETHER THE TRIAL COURT ERRED IN ADMITTING THE 911 TAPE OF THE DEFENDANT'S WIFE IN VIOLATION OF CRAWFORD V. WASHINGTON
*510 ¶ 10. Williams argues that the trial judge erred in allowing his wife's 911 call to be played to the jury. The issues presented are whether the 911 telephone call made by Williams's wife is testimonial, whether the admittance of such statements, if deemed testimonial, constitute harmless error, and whether Williams properly preserved this issue for appeal.
¶ 11. This Court reviews the lower court's rulings on the admission or exclusion of evidence for abuse of discretion. Ladnier v. State, 878 So.2d 926, 933(¶ 27) (Miss.2004). An error in the admission or exclusion of evidence is not grounds for reversal unless the error affected a substantial right of a party. Id.
¶ 12. Williams argues that Tragelia's statements were inadmissible pursuant to the Confrontation Clause. We disagree. Tragelia's statements are not "testimonial," and are therefore not barred by the Confrontation Clause. Even if the statements could be considered testimonial, their admission constituted harmless error due to the weight of the remaining evidence used to convict Williams.
¶ 13. Williams contends that the trial court erred in admitting the 911 tape because it violated the United State Supreme Court's ruling in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Crawford held that testimonial, out-of-court statements by witnesses are barred by the Confrontation Clause of the Sixth Amendment, unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness, regardless of whether the statements are deemed reliable by the court. Id. at 68, 124 S.Ct. 1354. Williams claims that Tragelia's statements to the 911 operator are inadmissible because they are testimonial in nature. We do not agree.
¶ 14. Testimony is a "solemn declaration or affirmation made for the purpose of establishing or proving some fact." Davis v. Washington, ___ U.S. ___, ___, 126 S.Ct. 2266, 2274, 165 L.Ed.2d 224 (2006) (quoting Crawford v. Washington, 541 U.S. 36, 51, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004)). Statements are nontestimonial when "made in the course of police interrogation under circumstances objectively indicating that the primary purpose of interrogation is to enable police assistance to meet an ongoing emergency." Id. at 2273. If the primary purpose is to prove past events or where there is no ongoing emergency, the statements will be testimonial and fall under the purview of Crawford. Id. at 2273-2274.
¶ 15. We find the Davis decision to be applicable to the current case. In Davis, the United States Supreme Court reviewed statements made by a victim to a 911 dispatcher during a domestic abuse altercation. When viewing the primary purpose of the call objectively, the court ruled that 911 calls are "interrogations in one sense, but not in a sense that `qualifies under any conceivable definition.'" Id. at 2274. The court noted that 911 calls typically describe "current circumstances requiring police assistance." Id. at 2276. Such is the case at bar. Tragelia called 911 upon discovering Elliot was missing. Tragelia told the 911 operator she believed Williams abducted Elliot against her will. She made the call to initiate an investigation as to Elliot's whereabouts, not to prove that Williams was in fact the kidnaper.
¶ 16. Moreover, the present case is notably different than Crawford. In Crawford, the wife was interrogated at the police station after the crime had already been committed. There, the formality of the interrogation was significant to finding that the statements were in fact testimonial. *511 Yet in the current case, Tragelia was not a witness, nor did she recount a past crime. Tragelia called 911 in desperation to find her friend, whom she believed had been abducted by Williams. The statements illustrated the beginning of the search for Elliot and did not go to prove Williams's guilt or innocence. Thus, the statements did not violate the spousal privilege as Williams asserts, nor did the statements violate the Confrontation Clause.
¶ 17. Even if this Court were to accept Williams's argument that the statements were testimonial, it would be harmless error to admit them. Our supreme court has noted that "[a]n error is harmless when it is apparent on the face of the record that a fair-minded jury could have arrived at no verdict other than that of guilty." McKee v. State, 791 So.2d 804, 810(¶ 24) (Miss.2001). "Where the prejudice from an erroneous admission of evidence dims in comparison to other overwhelming evidence, this Court has refused to reverse." Carter v. State, 722 So.2d 1258, 1262(¶ 14) (Miss.1998).
¶ 18. The victim, Tonya Elliot, testified that Williams kidnapped and beat her. Surveillance video from the gas station confirmed that Elliot was with Williams on the night in question. Police officers assisting Elliot that night testified that Elliot had been battered, and photographic evidence supports that fact. Tragelia's phone call to 911 merely alerted the police to the situation. Even if the admission of her phone call could be considered error, the overwhelming cumulative evidence supports the jury's finding of guilt. Thus, this Court holds that the trial court acted properly.
¶ 19. A further issue arises as to whether Williams properly preserved this issue for appeal. It is well settled that a defendant must preserve an error for review by making a contemporaneous and specific objection to the remarks. Rials v. Duckworth, 822 So.2d 283, 287(¶ 22) (Miss. 2002). If no contemporaneous objection is made at trial, any error would be considered waived. Walker v. State, 671 So.2d 581, 597 (Miss.1995) (citing Foster v. State, 639 So.2d 1263, 1270 (Miss.1994)). Williams failed to object to the tape at trial, even after Tragelia's call was played in the courtroom. Thus, Williams is procedurally barred as to this issue on appeal.
¶ 20. Yet Williams contends this Court should "indulge every presumption against the waiver of a constitutional right," which would preserve his appeal notwithstanding the procedural bar. Brooks v. State, 903 So.2d 691, 695(¶ 10) (Miss.2005) (citing Vickery v. State, 535 So.2d 1371, 1377 (Miss.1988)). As we have stated, even if Tragelia's statements could be considered testimonial, it was harmless error to admit them. The weight of the cumulative evidence could support the jury's finding of guilt. Therefore, this argument has no merit.
II. WHETHER THE DEFENDANT WAS PROPERLY SENTENCED AS A HABITUAL OFFENDER
¶ 21. Williams contends that the court erred in sentencing him as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Rev.2000), which states:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and *512 such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
¶ 22. Williams alleges that the State did not present sufficient evidence to establish him as a habitual criminal because the only evidence the trial judge reviewed was certified copies of two previous indictments and sentencing orders. At the sentencing phase of the trial, the judge noted that the certified copies were sufficient evidence to establish habitual offender status because each of the dates on the sentencing orders was different, and the sentences were imposed and served at different times.
¶ 23. "Certified copies of a defendant's commitment papers are competent evidence of previous convictions for purposes of proving that a defendant is an habitual offender." Harper v. State, 887 So.2d 817, 828(¶ 49) (Miss.Ct.App.2004) (citing Estelle v. State, 558 So.2d 843, 848 (Miss.1990)). "Likewise, certified copies of indictments and sentencing orders are competent evidence of previous convictions." Id. citing Duplantis v. State, 708 So.2d 1327, 1347 (¶ 101) (Miss.1998). Therefore, the trial judge had sufficient evidence to sentence Williams as a habitual offender.
¶ 24. Williams further asserts that the trial court did not conduct a full bifurcated sentencing hearing. "When habitual offender status is alleged and where the accused goes to trial, the trial court must hold a separate hearing without a jury to determine whether habitual status should be imposed." Nathan v. State, 552 So.2d 99, 106 (Miss.1989).
¶ 25. We find the trial court did adhere to this standard. Once the jury was excused, the judge announced that the sentencing hearing would take place immediately following the jury decision. The judge followed the proper procedure to address Williams's habitual offender status. Moreover, the judge did not exceed the bounds of the sentencing guidelines, but rather administered the maximum sentence as required by the statute. Thus, there was no error in sentencing Williams as a habitual offender.
III. WHETHER THE TRIAL COURT ERRED IN DISMISSING A JUROR FOR CAUSE
¶ 26. Williams contends the trial court erred in dismissing juror number one, John Short, for cause. A trial court has substantial discretion when ruling on challenges to excuse a juror for cause. Berry v. State, 703 So.2d 269, 292(85) (Miss.1997). When this Court examines the conduct of voir dire, the standard of review is whether the trial court abused its discretion. Billiot v. State, 454 So.2d 445, 457 (Miss.1984). This Court will not disturb the decision of the trial court unless it is "clearly erroneous." Langston v. State, 791 So.2d 273, 282(25) (Miss.Ct.App.2001). Further, Williams must demonstrate an obvious prejudice resulting from undue lack of constraint on the prosecution or on the defense. Davis v. State, 684 So.2d 643, 652 (Miss.1996).
¶ 27. In the present case, the prosecution questioned the potential jurors. The prosecution asked if anyone could think of a reason that would make it permissible to hit a woman. Juror number one, John Short, responded by inquiring about self defense. Short then proceeded to speak about a woman's size affecting an argument with a man. None of Short's comments pertained to the case at hand.
¶ 28. Once the voir dire questioning was over, the trial judge dismissed five jurors for cause including Short. Counsel for Williams inquired as to why the court dismissed Short. The court responded that Short went off on a tangent. The *513 court stated, "He wasn't answering questions, he was voir diring [sic] the attorney, and it all had to do with self-defense, which has nothing to do with this case so far as I'm concerned."
¶ 29. Mississippi Code Annotated section 13-5-79 (Rev.2002) states "[a]ny juror shall be excluded . . . if the court be of the opinion that he cannot try the case impartially, and the exclusion shall not be assignable for error." Our supreme court has noted that due to his presence during voir dire, a trial judge is in a better position to evaluate jurors and determine whether or not they should be excluded for cause. Wells v. State, 698 So.2d 497, 501 (Miss.1997). The record reflects that the court reporter may not have been able to include all of Short's comments in the record. However, the judge noted that he did hear all of the comments and, therefore, could sufficiently evaluate whether or not Short should be stricken for cause.
¶ 30. The Mississippi Supreme Court has held, "Once the judge exercised his discretion and determined that the jurors probably could not be impartial, then the determination may not be assigned on appeal as error." Coverson v. State, 617 So.2d 642, 646 (Miss.1993). Williams did not prove an obvious prejudice by the trial judge, and there is no evidence that the trial court abused its discretion in excusing juror number one for cause. Therefore, this issue is without merit.
¶ 31. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY OF CONVICTION OF COUNT I, SIMPLE ASSAULT AND SENTENCE OF SIX MONTHS IN THE CUSTODY OF THE LEE COUNTY SHERIFF'S DEPARTMENT AND OF COUNT II, KIDNAPING AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS A HABITUAL OFFENDER, SAID SENTENCES TO RUN CONSECUTIVELY TO EACH OTHER AND CONSECUTIVELY WITH THE SENTENCE IMPOSED IN LEE COUNTY CR03-647 COUNT I AND COUNT II, AND TO PAY A FINE OF $500, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. SOUTHWICK, J., CONCURS IN RESULT ONLY.