ISHEE, J„
for the Court:
¶ 1. Jeremy Clark was convicted in the Madison County Circuit Court of possession of a weapon by a felon. He was sentenced to ten years in the custody of the Mississippi Department of Corrections (MDOC), with a ten-year sentence enhancement for the use of a firearm during the commission of a felony. Clark filed a motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial. The motion was denied. Aggrieved, Clark appeals. Finding error, we reverse and remand for a new trial consistent with the findings of this opinion.
*295 FACTS AND PROCEDURAL HISTORY
¶ 2. On March 15, 2010, Madison County-Sheriffs Deputy Shane Lang received reports of illegal drug activity. He then drove to the location of the alleged drug activity. Upon arriving at the location, he observed a small group of people standing behind a building. An individual, later discovered to be Clark, started to run away. Deputy Lang pursued Clark. He could see that Clark was holding something in his right hand. As Deputy Lang neared Clark, Clark threw something onto the roof of a building. Thereafter, Clark was apprehended.
¶ 3. It was later discovered that the item Clark threw onto the roof of the building was a silver Rossi .38 handgun. Deputy Lang admitted that the gun was never examined for fingerprints, had not been reported stolen, and was not registered with the Department of Public Safety.
¶ 4. Since Clark had been convicted of robbery in August 2008, he was charged ■with possession of a firearm by a felon. He was later indicted by the Madison County grand jury for possession of a firearm by a felon in violation of Mississippi Code Annotated section 97-37-5 (Supp. 2012). The parties agreed to stipulate to the fact that Clark was a felon within the meaning of the statute.
¶ 5. Before Clark’s trial, Cedric Wood-berry approached Assistant District Attorney Bryan Buckley and informed him that the gun in question was actually his. However, when Woodberry went to Deputy Lang to make a written statement, Woodberry declined to provide one after being told he could be charged with making a false statement. Nonetheless, during the trial, the defense called Woodberry as a witness. He testified that he was part of the group of individuals present when Deputy Lang arrived on the day of the incident. According to Woodberry, he was carrying a .38 Rossi handgun, and he was the one who threw the gun onto the roof of the building.
¶ 6. Arthur Jackson also testified at trial. He lives behind the building around which the individuals were gathered. He observed Clark’s arrest. In Jackson’s opinion, the officers would not have been able to observe which individual threw the gun onto the roof of the building because their view would have been blocked by the building.
¶ 7. Ultimately, the jury returned a guilty verdict. Clark filed a motion for a JNOV or, in the alternative, a new trial. His motion was denied. Clark was then sentenced to serve ten years in the custody of the MDOC for possession of a firearm by a felon. He was further sentenced to serve an additional ten years pursuant to Mississippi Code Annotated section 97-37-37(2) (Supp.2012) for the use of a firearm during the commission of a felony. The two terms were ordered to be served consecutively with each other. Clark’s suspended sentence from his 2008 robbery conviction was also revoked and ordered to be served consecutively with the other sentences imposed.
¶ 8. Clark now appeals, arguing: (1) the trial court impermissibly sentenced him twice for the same conduct in violation of the Double Jeopardy Clause; (2) the sentence enhancement was improperly applied because there was no evidence Clark used the firearm during the commission of a felony, only that he possessed it; (3) application of the enhancement by the trial court and not the jury violates his right to a trial by jury, and the enhancement was not included in the indictment; (4) the trial court erred by refusing to allow Shoneital Shields to testify; and (5) the trial court erred by denying his motion for a JNOY or, in the alternative, a new trial. Finding *296 error, we reverse and remand for a new trial.
DISCUSSION
¶ 9. We find that the trial court abused its discretion and committed reversible error by excluding Shields’s testimony. Although this issue is dispositive, we will also address Clark’s assignments of error regarding double jeopardy, the application of the sentence enhancement, and the right to a trial by jury. We discuss these issues for purposes of remand, should they reappear.
I. Exclusion of Defense Witness
¶ 10. Clark argues the trial court erred by excluding a defense witness, Shields, from testifying. At trial, the State asked that the witness be prevented from testifying because of the defense’s failure to comply with Uniform Rule of Circuit and County Court 9.04 and the witness’s violation of Mississippi Rule of Evidence 615, the sequestration rule.
¶ 11. Rule 9.04(C)(1) states:
If the defendant requests discovery under this rule, the defendant shall ... promptly disclose to the prosecutor ... [the][n]ames and addresses of all witnesses in chief which the defendant may offer at trial, together with a copy of the contents of any statement, written, recorded or otherwise preserved of each such witness and the substance of any oral statements made by any such witness!.]
Rule 9.04(1) provides the appropriate remedy for evidence not timely disclosed during discovery. That section states in part:
If during the course of trial, the prosecution attempts to introduce evidence which has not been timely disclosed to the defense as required by these rules, and the defense objects to the introduction for that reason, the court shall act as follows:
1. Grant the defense a reasonable opportunity to interview the newly discovered witness, to examine the newly produced documents, photographs or other evidence; and
2. If, after such opportunity, the defense claims unfair surprise or undue prejudice and seeks a continuance or mistrial, the court shall, in the interest of justice and absent unusual circumstances, exclude the evidence or grant a continuance for a period of time reasonably necessary for the defense to meet the non-disclosed evidence or grant a mistrial.
This section also applies to discovery violations made by the defense.
¶ 12. The State was only provided Shields’s name one day before the trial. Her address was also incorrectly listed as “Dinkins Street,” when she had actually moved to “Canal Street.” Furthermore, her first name had been misspelled. On the day of the trial, a proffer of Shields’s testimony was made, but the State still claimed unfair surprise. The trial judge declined to declare a mistrial and found that a continuance would not remedy the situation. Therefore, he excluded the witness.
¶ 13. The exclusion of Shields’s testimony was an abuse of discretion. Although her first name was misspelled and the wrong street address was listed, there is no evidence that this hindered the State’s ability to contact her. There is no evidence that the State even attempted to contact her. Furthermore, the State heard Shields’s proffered testimony outside of the presence of the jury. The State had the opportunity to cross-examine her at this point but declined to do so. The proper remedy in this case would have been to grant a continuance, if requested *297 by the State, rather than exclude the witness.
¶ 14. When considering a violation of the sequestration rule, our review is limited to an abuse of discretion. Whit-tington v. State, 748 So.2d 716, 719 (¶ 19) (Miss.1988) (citation omitted). Mississippi Rule of Evidence 615 states:
At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of his cause.
Failure to comply with a sequestration order does not automatically render the witness’s testimony inadmissable. Harris v. State, 937 So.2d 474, 479 (¶ 16) (Miss.Ct. App.2006). Instead, “Appropriate remedies for a sequestration violation include prospectively excluding the witness where prejudice will otherwise ensue; striking the testimony where connivance gave rise to the testimony; [or] striking the testimony where the prejudice arose.” Kiker v. State, 919 So.2d 190, 194 (¶ 9) (Miss.Ct. App.2005). “Exclusion of the testimony is a ‘serious sanction,’ and appropriate only where probable prejudice would result to the other party.” Harris, 937 So.2d at 479 (¶ 16) (citing Douglas v. State, 525 So.2d 1312, 1318 (Miss.1988)).
¶ 15. With regard to the exclusion of Shields based on her violation of the sequestration order, we also find this was an abuse of discretion. There is no evidence the State would be prejudiced by her testimony. The record reflects that Shields inadvertently walked into the courtroom as Woodberry was completing his testimony. Although her testimony was consistent with Woodberry’s testimony, in her proffer, she testified to independent facts. Shields was present at the scene and witnessed the entire event, and her testimony was more far-reaching than Woodberry’s testimony. There was no evidence that she altered her testimony in any way to conform to Woodberry’s version of events. Accordingly, she should have been permitted to testify despite her violation of the sequestration order. We reverse the trial court’s judgment and remand this case for further proceedings consistent with this opinion.
II. Double Jeopardy
¶ 16. Clark asserts his sentence enhancement for possession of a firearm during the commission of a felony constitutes double jeopardy. He asserts the two offenses — possession of a firearm by a felon and use of a firearm during the commission of a felony — are the same offense. Therefore, he claims that each charge does not require proof of an additional fact that the other does not. The State asserts that the sentence enhancement is not punishment for an actual crime, but merely alters the sentence for the crime committed; thus, it does not raise any double-jeopardy issues.
¶ 17. The Fifth Amendment to the United States Constitution guarantees that “[no] person [shall] be subject for the same offence to be twice put in jeopardy of life or limb.... ” “This guarantee, enforceable against the states through the Fourteenth Amendment, assures three separate protections: (1) protection from a second prosecution for the same offense after acquittal, (2) protection from a second prosecution for the same offense after conviction, and (3) protection from multi- *298 pie punishments for the same offense.” Graves v. State, 969 So.2d 845, 847 (¶ 7) (Miss.2007) (citing United States v. Dixon, 509 U.S. 688, 695-96, 118 S.Ct. 2849, 125 L.Ed.2d 556 (1993)). To determine whether one is subject to multiple punishments for the same offense, the well-established test is whether each offense requires proof of a fact that the other does not. Block-burger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). On appeal, we review claims of double jeopardy de novo. Foreman v. State, 51 So.3d 957, 960 (¶ 8) (Miss.2011) (citation omitted).
¶ 18. We addressed the issue of whether a sentence enhancement can give rise to a claim of double jeopardy in the benchmark case Mayers v. State, 42 So.3d 33 (Miss.Ct.App.2010). In Mayers, the defendant argued “that the application of Mississippi Code Annotated section 97-37-37,” the same sentence enhancement applicable in this case, “constitute[d] double jeopardy because it require[d] proof of the same elements as the underlying crimes.” Mayers, 42 So.3d at 45 (¶ 49). Mayers’s underlying felony was aggravated assault. Id. Although the issue in Mayers was procedurally barred, we nonetheless found it was without merit. Id. at (¶ 50). In finding the issue was without merit, we reasoned that section 97-37-37 is clearly a sentence enhancement and does not set out separate elements of an underlying felony. Mayers, 42 So.3d at 45 (¶ 50). The holding in Mayers is well established and was affirmed as recently as April 2013. Lewis v. State, 112 So.3d 1092, at 1096 (Miss.Ct.App.2013).
¶ 19. As in Mayers, Clark was only subjected to a sentence enhancement and was not charged with a separate felony. Because the sentence enhancement does not give rise to a double-jeopardy claim, this issue is without merit.
III. Sentence Enhancement
¶ 20. Clark argues the trial court erred by applying the enhancement when there was no evidence that he actually used the firearm, only that he possessed it. The State argues that possession of the weapon during the commission of the felony is sufficient to meet the statutory requirements of the enhancement.
¶ 21. Mississippi Code Annotated section 97-37-37(2) provides:
Except to the extent that a greater minimum sentence is otherwise provided by any other provision of law, any convicted felon who uses or displays a firearm during the commission of any felony shall, in addition to the punishment provided for such felony, be sentenced to an additional term of imprisonment in the custody of the Department of Corrections of ten (10) years, to run consecutively, not concurrently, which sentence shall not be reduced or suspended.
While Clark was found to be in possession of the weapon, the evidence does not support that he used or displayed the firearm in the commission of the felony. The Supreme Court has previously addressed the meaning of “use” in a similar statute, and stated that it “must connote more than mere possession.... ” Bailey v. United States, 516 U.S. 137, 143, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995) (superceded by statute on other grounds). Furthermore, the Supreme Court stated that “[t]he Government must show that the defendant actively employed the firearm during and in relation to the predicate crime.” Id. at 150,116 S.Ct. 501.
¶ 22. The evidence in this case reflects that Clark merely possessed the gun. The trial court incorrectly determined that possession alone constitutes use or display. Therefore, we also find *299 that the trial court improperly applied the sentence enhancement because there was insufficient evidence showing Clark used or displayed the firearm during the commission of a felony.
IV. Right to Trial by Jury
¶ 23. Clark argues he was denied the right to a trial by jury because the trial judge, and not the jury, determined that the sentence enhancement was applicable. Clark bases his argument on the well-established rule that a defendant is entitled to “a jury determination that he is guilty of every element of the crime with which he is charged, beyond a reasonable doubt.” Apprendi v. New Jersey, 530 U.S. 466, 477, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (citing United States v. Gaudin, 515 U.S. 506, 510, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995)). Furthermore, the sentence enhancement was not included in the indictment. The State argues the jury found each element of the sentence enhancement when it found Clark guilty of possession of a weapon by a felon.
¶ 24. In Mayers, the defendant argued the sentence enhancement was not included in the indictment and was not decided by the jury. Mayers, 42 So.3d at 45 (¶ 51). We held: “The jury found beyond a reasonable doubt ... that Mayers used a firearm during the commission of a felony.” Id. at 46 (¶ 52). Therefore, each factor contained in Mississippi Code Annotated section 97-37-37 was contained in the indictment and decided by the jury. Mayers, 42 So.3d at 46 (¶ 52). Accordingly, we found the issue was without merit. Id.
¶ 25. Mississippi Code Annotated section 97-37-5(1) states: “It shall be unlawful for any person who has been convicted of a felony under the laws of this state, any other state, or of the United States to possess any firearm.... ” Section 97-37-5(2) further states that “[a]ny person violating this section shall be guilty of a felony....” The jury found Clark guilty of possession of a weapon by a felon under this statute. Unlike in Mayers, though, the jury in this case did not find that Clark used the firearm during the commission of the felony. Accordingly, Clark was not found to be guilty of every element of the crime beyond a reasonable doubt. Therefore, in addition to finding the trial court erred by applying the enhancement when there was no proof of use or display of a firearm, we find the trial court’s application of the enhancement violated Clark’s right to a trial by jury.
¶ 26. In sum, we reverse and remand for a new trial consistent with this opinion.
¶ 27. THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT IS REVERSED, AND THIS CASE IS REMANDED FOR A NEW TRIAL CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.
LEE, C.J., GRIFFIS, P.J., ROBERTS, CARLTON AND FAIR, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. IRVING, P.J., AND JAMES, J., CONCUR IN PART AND DISSENT IN PART WITHOUT SEPARATE WRITTEN OPINION. MAXWELL, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.