# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-01339-COA

ANNIE FIGURES                                                    APPELLANT

v.

JACKSON HOUSING AUTHORITY                                        APPELLEE

DATE OF JUDGMENT:            06/27/2015
TRIAL JUDGE:                 HON. JEFF WEILL SR.
COURT FROM WHICH APPEALED:   HINDS COUNTY CIRCUIT COURT,
                             FIRST JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:      DONALD W. BOYKIN
ATTORNEY FOR APPELLEE:       D. STERLING KIDD
NATURE OF THE CASE:          CIVIL - CONTRACT
TRIAL COURT DISPOSITION:     AFFIRMED JUDGMENT OF COUNTY
                             COURT ORDERING APPELLANT TO
                             VACATE PREMISES AND REFRAIN FROM
                             THREATENING OR HARASSING OTHER
                             TENANTS
DISPOSITION:                 AFFIRMED - 06/20/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., CARLTON AND WESTBROOKS, JJ.**

**WESTBROOKS, J., FOR THE COURT:**

¶1.     This is an appeal from the Circuit Court of the First Judicial District of Hinds County. The Jackson Housing Authority ("JHA") brought a civil lawsuit against Annie Figures and requested an order of eviction. The justice court ruled for the Jackson Housing Authority. Figures appealed to the County Court of Hinds County, which held a de novo trial and issued a judgment of eviction. Figures appealed to the Circuit Court of Hinds County, which affirmed the decision of the county court. Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. Figures was a resident of Golden Key Apartments in Jackson, Mississippi. Golden Key Apartments is owned and operated by the JHA. These apartments are for disabled and elderly people. Figures threatened two other residents in her apartment building, resulting in a violation of her lease agreement. Figures was given an eviction notice. In compliance with her due-process rights, JHA held a hearing and voted to uphold the eviction. When Figures failed to vacate the premises, JHA obtained an order of eviction from the Hinds County Justice Court and filed a civil lawsuit against her.

¶3. Figures appealed to county court. A de novo trial was conducted. At trial, witnesses testified that Figures had threatened to "blow their heads off." The county court ordered Figures to vacate the premises and to refrain from further "threatening and/or harassing other tenants." Figures appealed the ruling to the Circuit Court of the First Judicial District of Hinds County. Relying on the record, the circuit court affirmed the decision of the county court. On February 11, 2016, the circuit court entered an order denying Figures's motion for rehearing and granting a temporary stay pending further appeal. Figures now appeals the circuit court's decision. Based on our review of the record, we affirm.

## STANDARD OF REVIEW

¶4. "The standard by which an appellate court reviews factual determinations made by a trial judge sitting without a jury is the substantial-evidence standard." *Norris v. Sw. Miss. Reg'l Med. Ctr.*, 105 So. 3d 410, 414 (¶14) (Miss. Ct. App. 2012) (citation omitted). Under

2

this standard, a trial judge's "findings will not be reversed on appeal where they are supported by substantial, credible, and reasonable evidence." *Id*. (quotation marks omitted).

¶5. "The appellate court is limited to an abuse-of-discretion standard when reviewing an alleged sequestration violation." *White v. State*, 127 So. 3d 170, 174 (¶10) (Miss. 2013).

¶6. Additionally, "[o]ur well-settled standard of review for the admission or suppression of evidence is abuse of discretion." *Mitchell v. Barnes*, 96 So. 3d 771, 776 (¶14) (Miss. Ct. App. 2012) (citation omitted). The Mississippi Supreme Court has said that the decision of the trial judge will stand unless we conclude that the discretion was arbitrary and clearly erroneous, amounting to an abuse of discretion. *Id*. (citation and quotation marks omitted).

## DISCUSSION

### I. Whether the trial court erred in placing the burden of proof on Figures.

¶7. Figures contends the trial court erred in shifting the burden of proof to her. We agree. However, we find the error to be harmless. This error does not require reversal, because no dispute exists regarding the facts. "We have not always found that a misperception regarding the burden of proof requires reversal." *Sheppard v. Miss. State Highway Patrol*, 693 So. 2d 1326, 1329 (¶4) (Miss. 1997) (citation omitted). Where, as here, the facts are clear and undisputable, we will not reverse the judgment based upon a misallocation of the burden. *Id*. (citing *Miss. Emp't Sec. Comm'n v. Gaines*, 580 So. 2d 1230 (Miss. 1991) (finding a misallocation of the burden of proof is not grounds for reversal and remand where there is no significant dispute and the facts dictate a single result)).

3

¶8.     Figures is correct in her assertion that the burden of proof should not have shifted; however, JHA proved its case by providing documentation and testimony that Figures violated her lease and was properly evicted.  Moreover, Figures did not submit any documentation or witnesses to support her claim that she did not threaten the other tenants.

## II.     Whether the trial court erred in permitting Theotis Davis to testify.

¶9.     Figures argues the trial court erred in permitting testimony from Theotis Davis, because his testimony violated the "rule of sequestration" found in Mississippi Rule of Evidence 615.  We disagree.

¶10.    "Failure to comply with a sequestration order does not automatically render the witness's testimony inadmissable." *Clark v. State*, 127 So. 3d 292, 297 (¶14) (Miss. Ct. App. 2013) (citing *Harris v. State*, 937 So. 2d 474, 479 (¶16) (Miss. Ct. App. 2006)).  "Instead, appropriate remedies for a sequestration violation include prospectively excluding the witness where prejudice will otherwise ensue; striking the testimony where connivance gave rise to the testimony; or striking the testimony where the prejudice arose." *Id*. (quotation marks omitted).  "Exclusion of the testimony is a 'serious sanction,' and appropriate only where probable prejudice would result to the other party." *Clark*, 127 So. 3d at 297 (¶14) (citation omitted).

¶11.    We find the trial court did not abuse its discretion by allowing the testimony of Theotis Davis.  Davis works for the JHA in the Public Housing Department.  He is the property manager for Golden Key Apartments.  He testified two tenants made him aware of

the threats made by Figures. He drafted the note regarding the threat in the case file for the due-process hearing. He also drafted the eviction notice on behalf of JHA, because he found Figures's behavior to be a major violation of her lease agreement. This violation was noted as a violation regarding "engaging in criminal activity and disrupting the enjoyment of other residents." This Court finds the testimony of Davis did not prejudice Figures in any way, despite violating the sequestration rule. Figures's assertion that Davis's testimony was prejudicial is incorrect. We find Davis testified to information already presented in the eviction notice and initial note regarding the threat Figures made to the two residents at Golden Key Apartments. Further, there is no evidence to support that Davis's testimony would have changed just because he was in the courtroom during the testimony of other witnesses. Accordingly, we find no abuse of the trial court's discretion in allowing Davis's testimony.

### III. Whether the trial judge wrongfully assumed an adversarial role in questioning a witness.

¶12. Figures argues the trial judge abused his authority, because he questioned Thelma Vance regarding her mental state after Figures threatened her. Vance is one of the tenants at the Golden Key Apartments. Figures suggests the trial judge assumed an adversarial position against her. We disagree. This Court has ruled that "[t]he chancery court was within its right to interrogate witnesses, whether called by itself or by a party." *SKL Inv. Inc. v. Hardin*, 170 So. 3d 588, 592 (¶17) (Miss. Ct. App. 2014) (citation and quotation marks omitted); *see also* M.R.E. 614(b). "However, it is grounds for reversal if the trial judge

5

abuses the authority to call or question a witness by abandoning his impartial position as a judge and assuming an adversarial role." *Knights' Piping Inc. v. Knight*, 123 So. 3d 451, 456 (¶14) (Miss. Ct. App. 2012) (citation and quotation marks omitted).

¶13.    We find the trial judge was within his right to ask Vance a question regarding her mental state. Trial counsel elicited testimony from Vance regarding her state of mind after Figures made the threat. Trial counsel asked Vance if she felt unsafe at Golden Key Apartments since Figures still lived there. Vance responded she felt unsafe, but would feel safer if Figures did not live there anymore. Immediately after Vance's response, the trial judge asked if Vance believed Figures was serious. His line of questioning appears to have been impartial and for clarification regarding her answer. Therefore, we find the trial judge did not abuse his discretion by briefly and impartially examining Vance regarding her state of mind. Further, we find no error in the circuit court relying on the record to support the county court's ruling.

¶14.    **THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY, FIRST JUDICIAL DISTRICT, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

    **LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, FAIR AND GREENLEE, JJ., CONCUR. BARNES AND WILSON, JJ., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**